## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABDEL ABLA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRINKER RESTAURANT CORPORATION and BRINKER INTERNATIONAL, INC. d/b/a MAGGIANO'S LITTLE ITALY,<br>                           Defendants. | **JURY DEMANDED**<br><br>**Civil Action No.** |

## CLASS ACTION COMPLAINT

### I.    INTRODUCTION

1.    This is a class action brought on behalf of employees who have served food and beverages (hereinafter "wait staff employees") at Maggiano's Little Italy restaurants throughout the country, challenging the Defendants' practice of charging gratuities/service charges for private dining events and other meals at the restaurants but failing to distribute the full proceeds from those gratuities/service charges to the wait staff. As described herein, the Defendants Brinker Restaurant Corporation and Brinker International, Inc. d/b/a Maggiano's Little Italy (hereinafter "Defendants" or "Maggiano's") impose a gratuity/service charge on food and beverage bills for private dining events and other meals (including large parties), typically in the range of 18-20%, which customers are willing to pay because it appears to be a gratuity for the wait staff. However, Maggiano's distributes only a portion of this charge to the wait staff and retains a significant portion for itself (and/or for the compensation of non-service

employees).  Thus, Defendants benefit from the misrepresentation to customers that this charge is a gratuity for the wait staff.  Defendants are also unjustly enriched through this misrepresentation of the charge as a gratuity, and they tortiously interfere with the wait staff employees' relationship with customers, who reasonably believe and intend for this charge to be paid to them (and are less likely to tip on top of the charge because it appears already to be a generous gratuity).  The Defendants have thus violated the common law of the states in which they operate by tortiously interfering with the employees' relationships with customers, and they are also liable for breach of implied contract and unjust enrichment/quantum meruit.

2.    The plaintiff brings these claims on behalf of a national class under the common law, as well as on behalf of a Massachusetts sub-class under statutory and common law.  The Defendants have violated the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A, by failing to distribute the full proceeds of gratuities/service charges to the wait staff.  The Defendants have also violated the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 §§ 1 and 7, by failing to pay employees the state minimum wage and by failing to qualify for the state "tip credit" against the minimum wage.

3.    The plaintiff seeks restitution of all gratuities/service charges of which wait staff employees were deprived and all other relief to which they are entitled.

2

## II.    PARTIES

4.    Plaintiff Abdel Abla is an adult resident of Winthrop, Massachusetts. Mr. Abla has been employed by the Defendants to serve food and beverages at their Maggiano's Little Italy restaurant located at 4 Columbus Avenue in Boston, Massachusetts.

5.    The above-named plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other wait staff employees who have worked for the Defendants and have not received the full proceeds from gratuities/service charges to which they are entitled. These individuals include employees who have worked for the Defendants in any state where the policies described here have been instituted (the national class) and employees who have worked in Massachusetts (the Massachusetts sub-class). These classes both satisfy all of the requirements of Federal Rule of Civil Procedure 23.

6.    Defendant Brinker Restaurant Corporation, Inc. and Brinker International, Inc. are Delaware corporations with a principal office at 6820 LBJ Freeway in Dallas, Texas. The Defendants own the restaurant brand "Maggiano's Little Italy," an Italian food restaurant chain with 44 locations, according to corporate disclosure statements, in Massachusetts, New Jersey, Pennsylvania, Virginia, North Carolina, Georgia, Florida, Ohio, Tennessee, Indiana, Michigan, Illinois, Wisconsin, Missouri, Texas, Colorado, Arizona, Nevada, Washington, California, and Washington, D.C.

### III.    JURISDICTION AND VENUE

7.    This court has jurisdiction over this action under the Class Action Fairness Act (CAFA), 28 U.S.C. §1332(d)(2), since the named plaintiff is a resident of Massachusetts and the Defendants are incorporated in Delaware with principal place of business in Texas.  Upon information and belief, there are well more than 100 putative class members, and the amount in controversy exceeds $5 million.

### IV.    STATEMENT OF FACTS

8.    Wait staff at Maggiano's Little Italy, including the Plaintiff, serve food and beverages to customers, including at private dining events and for other meals for which a gratuity or service charge is added to the bill.

9.    The Defendants have had a policy and practice of adding a gratuity/service charge to bills for private dining and other meals, such as large parties.

10.    The gratuity/service charge is calculated as a percentage of the total food and beverage bill, typically in the range of 18-20%.

11.    The gratuity/service charge appears to be a gratuity for the wait staff.

12.    However, the Defendants do not distribute the entire proceeds of the gratuity/service charge to their wait staff employees.

13.    Instead, only a portion of this gratuity/service charge is distributed to the wait staff.  The remainder is retained by the Defendants and/or distributed to members of management or non-service employees.

4

14.    The Defendants do not inform customers on food and beverage bills that the total proceeds of the gratuity/service charge are not distributed to the wait staff.

15.    Wait staff employees traditionally receive tips or gratuities from customers.

16.    Because the Defendants impose a gratuity/service charge that appears to be a generous gratuity for private dining events and other meals sold at their restaurants, customers are unlikely to leave much, if any, additional voluntary tips or gratuities on top of the 18-20% gratuity/service charge.

17.    Customers reasonably expect and intend that the gratuity/service charge will be paid in full to the wait staff employees.

18.    These expectations are based both on custom in the service industry, as well as the way the Defendants have represented the gratuity/service charge to customers.

19.    The Defendants have knowingly profited off of customers' misunderstanding that the gratuity/service charge is paid in full to the wait staff employees as a gratuity.

20.    The Defendants have benefited from the misrepresentation to customers that the charge is a gratuity for the wait staff.

21.    As a result, the Defendants have interfered unlawfully with their wait staff employees' relationship with customers, who reasonably believe and intend for this charge to be paid to the wait staff.

22.    As a result of these actions, the named and class plaintiffs have suffered damages.

23.    By statute, the Defendants have been required to distribute the total proceeds of its gratuity/service charge to wait staff employees in Massachusetts, and their failure to do so constitutes a blatant violation under the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A.

24.    The Defendants' employees have been paid a base wage that is less than the state minimum wage.  Lead plaintiff Abdel Abla and other individuals employed as wait staff employees at the Maggiano's Little Italy in Boston, Massachusetts, have been paid a rate of $2.63 per hour.

25.    Since the Defendants have violated the Massachusetts Tip Law, they have not met the legal requirements to take a "tip credit" against the minimum wage for their Massachusetts employees.

26.    Thus, the Defendants have been obligated to pay all of their employees in Massachusetts the full minimum wage.

V.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

27.    Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, the Plaintiff filed his statutory claims with the Office of the Attorney General and has received a right to sue letter in order to proceed on his Massachusetts statutory claims in court.

## VI.    CLASS REPRESENTATION ALLEGATIONS

28.    This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

29.    The questions of law and fact common to the class include: whether the Defendants impose a gratuity/service charge for private dining events and other meals sold at their restaurants; whether the Defendants have failed to distribute the total proceeds of that gratuity/service charge to wait staff; whether the imposed gratuity/service charge reasonably appears to be a gratuity for wait staff; whether the Defendants' imposition of a gratuity/service charge that is not distributed in full to wait staff employees is misleading to customers; and whether the Defendants' imposition of this gratuity/service charge causes customers to leave less tips or gratuities than they would otherwise leave for wait staff employees.

30.    The additional questions of law and fact common to the Massachusetts subclass include:  whether the Defendants' gratuity/service charge is a "service charge" under the Massachusetts Tips Law; and whether the Defendants pay their Massachusetts employees an hourly rate that is less than the Massachusetts minimum wage.

31.    The claims of the representative plaintiff are typical of the claims of the class members.  Named plaintiff Abdel Abla is a wait staff employee at Maggiano's Little Italy who, like his fellow wait staff employees, has not received the full proceeds of gratuities/service charges added to customers' bills.  The claims of the representative plaintiff is also typical of the claims of the

Massachusetts class members, as he worked in a restaurant in Massachusetts and was paid an hourly rate of $2.63, an amount that is less than the Massachusetts minimum wage.

32.    Upon information and belief, the approximate number of class members is more than one hundred.

33.    The national class is defined as all wait staff employees who have worked for the Defendants at any Maggiano's Little Italy restaurant throughout the country within the applicable statute of limitations and who have performed services for which the Defendants have charged customers a gratuity/service charge but have not remitted the full proceeds of that gratuity/service charge to the employees.

34.    The Massachusetts subclass is defined as all wait staff employees who have worked for the Defendants at the Maggiano's Little Italy restaurant in Massachusetts within the applicable statute of limitations and who have performed services for which the Defendants have charged customers a gratuity/service charge but have not remitted the full proceeds of that gratuity/service charge to the employees and/or who have earned an hourly rate that is lower than the Massachusetts minimum wage.

35.    The named plaintiff will vigorously pursue the claims alleged herein on behalf of himself and other similarly situated individuals and will therefore adequately protect and represent the interests of each member of the class.

36.    The claims alleged on behalf of the class are the only claims alleged in the complaint and, accordingly, those claims predominate.

37.     Class representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following:  the case challenges the policy of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendants for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## COUNT I

### TORTIOUS INTERFERENCE WITH CONTRACTUAL AND/OR ADVANTAGEOUS RELATIONS

The Defendants' conduct, as set forth above, constitutes unlawful interference with the implied contractual and/or advantageous relationship that exists between wait staff employees and Defendants' customers, under the common law of the various states in which Defendants operate.  This claim is brought on behalf of the national class (including the Massachusetts sub-class).

## COUNT II

### QUANTUM MERUIT/UNJUST ENRICHMENT

The Plaintiff class is entitled to restitution for the total proceeds of improperly withheld gratuities under the state common law doctrine of quantum meruit/unjust enrichment.  This claim is brought on behalf of the national class (including the Massachusetts sub-class).

9

## COUNT III

### BREACH OF CONTRACT

The Defendants' conduct, as set forth above, constitutes breach of express and/or implied contract under state common law.  The Defendants have breached their obligation, arising under industry custom and/or the Defendants' representations, that gratuities are to be remitted to wait staff employees.  Also the Defendants have breached an implied contract with their customers that the wait staff employees would receive the proceeds of gratuities, for which the employees are third party beneficiaries.  This claim is brought on behalf of the national class (including the Massachusetts sub-class).

## COUNT IV

### MASSACHUSETTS GENERAL LAW CHAPTER 149 § 152A

The Defendants' conduct, as set forth above, violates Mass. Gen. L. c. 149 § 152A.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.  This claim is brought on behalf of the Massachusetts sub-class.

## COUNT V

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF STATE LAW

The Defendants' conduct in failing to pay all of their employees the minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates Mass. Gen. L. ch. 151 §§ 1 and 7.  This claim is brought on behalf of the Massachusetts sub-class.

## JURY DEMAND

Plaintiff requests a trial by jury on all of his claims.

WHEREFORE, the Plaintiff requests that this Court enter the following relief:

1.     Certification of this case as a class action, pursuant to Fed. R. Civ. P. 23, including a national class and a Massachusetts sub-class;

2.     Restitution for all gratuities of which the employees were deprived;

3.     Restitution for the unpaid portion of the minimum wage (for the Massachusetts sub-class);

4.     Statutory trebling of all damages (for the Massachusetts sub-class);

5.     Attorneys' fees and costs;

6.     An injunction ordering the Defendants to cease their violations of the law as described here; and

7.     Any other relief to which the employees may be entitled.

Respectfully submitted,

ABDEL ABLA,
and all others similarly situated,

By his attorneys,

Shannon Liss-Riordan, BBO #640716
Hillary Schwab, BBO #666029
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Dated:       March 1, 2010

11