UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ABDEL ABLA and ERWIN AGUILAR, on behalf of themselves and all others similarly situated, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:10-10373-JLT |
| BRINKER RESTAURANT CORPORATION and BRINKER INTERNATIONAL, INC., d/b/a MAGGIANO'S LITTLE ITALY, | * * * * | |
| Defendants. | * | |

ORDER
November 10, 2011

TAURO, J.

After a fairness hearing on November 9, 2011, concerning the terms and conditions of the partial class action settlement as reflected in the Settlement Agreement and General Release [#39-1] this court hereby orders that Plaintiffs' Assented to Motion for Approval of Class Action Settlement for Massachusetts Subclass [#41] is ALLOWED:

1. Pursuant to Federal Rule of Civil Procedure 23, this court certifies the Massachusetts Subclass for settlement purposes as follows: all persons who worked as wait staff members, including but not limited to servers, bussers, service bartenders and banquet captains, during banquet events at the Maggiano's Little Italy Restaurant in Boston, Massachusetts for all or part of the period from March 1, 2004 to November 30, 2010, and who did not file a timely request for exclusion in this action.

2. This court appoints the Named Plaintiffs as Class Representatives for the Massachusetts Subclass, and Shannon Liss-Riordan, Esq. and Hillary Schwab, Esq. of Lichten & Liss-Riordan, P.C. as Class Counsel.

3. This court hereby finds that the Settlement Agreement [#39-1] is fair, reasonable, and adequate to the Massachusetts Subclass under Federal Rule of Civil Procedure 23, and hereby finally and unconditionally approves the Settlement Agreement and directs the parties to perform the full terms of the Settlement Agreement. The full terms of the Settlement Agreement [#39-1] are hereby incorporated into this order.

4. This court finds that the notice given to the members of the Massachusetts Subclass satisfied the requirements of Federal Rule of Civil Procedure 23 and due process.

5. This court dismisses on the merits, with prejudice in favor of Defendandts and the Releasees and against all members of the Massachusetts Subclass all released claims.

6. All members of the Massachusetts Subclass who have not opted out of this settlement are permanently barred and enjoined from instituting, maintaining, prosecuting or enforcing any and all Prohibited Actions, as defined in Paragraph 1(1) of the Settlement Agreement against any and all Releasees.

7. Upon entry of this Order, Defendants and all Releasees are expressly and irrevocably, fully and finally, released and forever discharged from all Released Claims, and all releases, agreements, and understandings set forth in the Settlement Agreement are hereby given full force and effect.

8. This court reserves and retains continuing and exclusive jurisdiction over all matters relating to enforcement of the terms of the Settlement Agreement. If this Order is reversed or overturned on appeal then the parties to this action shall be restored to their respective positions existing as of the date of execution of the Settlement Agreement.

9. Each party to the settlement shall bear its own costs and expenses except as otherwise directed in the Settlement Agreement.

10. The terms of the Settlement Agreement will remain binding upon the parties to that agreement who are directed to implement its provisions.

11. Pursuant to the provisions of 28 U.S.C. § 1715(d), this Order shall not be effective until December 25, 2011.

12. If no Massachusetts Subclass Member objects to the settlement, the Effective Date shall be twenty days from Final Approval. Otherwise, as set forth in the Settlement Agreement, the effective date of the Settlement shall be the first business day following the date the court's final approval of the settlement is finally affirmed on appeal and/or is no longer subject to appeal or certiorari, and the time for any petition for reargument, appeal, or review, by certiorari or

otherwise, has expired.  No sooner that thirty days from December 25, 2011.

IT IS SO ORDERED.

                                        /s/ Joseph L. Tauro
                                      United States District Judge